UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

```
------------------------------------------------------------------- x
ROBERT BARTLETT, et al.,                    :
                                            :    No. 22-mc-00130 (APM)
              Plaintiffs,                   :
                                            :
    -against-                               :
                                            :
TAG HOLDINGS LLC,                           :
                                            :
              Defendant.                    :
------------------------------------------------------------------- x
```

## MOTION FOR SECOND INTERIM JUDGMENT OF ACCRUED SANCTIONS

Plaintiffs-movants ("Plaintiffs"), by and through their undersigned counsel, hereby move the Court for entry of a second interim judgment against TAG Holdings LLC ("TAG") in the amount of $51,000.00, reflecting the sanctions that have accrued from May 16 through and including July 5, 2023, under this Court's Order Granting Motion for Contempt for TAG Holdings LLC's Failure to Comply with this Court's February 10, 2023, Order, ECF No. 8 (the "Contempt Order").

In the Contempt Order, this Court ordered TAG to produce documents responsive to Plaintiffs' subpoena within five days after service was completed. The Court further ordered a fine payable to Plaintiffs of $1,000.00 per day for each day TAG does not produce those documents. TAG did not produce records or even respond (nor has it since). On May 16, 2023, Plaintiffs filed their first Motion for Interim Judgment of Accrued Sanctions, ECF No. 10, seeking entry of an interim judgment against TAG in the amount of $30,000.00, reflecting the sanctions accrued from April 16 to May 15, 2023, under the Court's Contempt Order. The Court entered an Order and Interim Judgment for that amount on May 22, 2023, and further ordered that its Order Granting Motion for Entry of Order Compelling Production of Documents, ECF No. 6 ("Order Granting Motion to Compel"), and its Contempt Order remain in full force and effect, "and the fines imposed

therein will continue to accrue until TAG Holdings LLC fully complies with the Order Granting Motion to Compel." ECF No. 11.

As indicated on the Proof of Service attached to the accompanying Declaration of Dina Gielchinsky ("Gielchinsky Declaration") as **Exhibit A**, Plaintiffs served the Order and Interim Judgment on TAG on June 1, 2023, followed by an e-mail on June 16, 2023, to Lori Sharpe Day, TAG "Senior Advisor" (*see* https://tagholdings.com/portfolio-view/lori-sharpe-day/), *see* **Exhibit B**. Ms. Day responded by e-mail:

> As TAG Holdings communicated to you in previous discussions, and as I told you during our very first communication, TAG Holdings has no documents relevant to this matter. First, TAG Holdings did not exist during the time period at issue. It's predecessor company, Ashcroft Group, LLC had a seven year document retention policy that was strictly followed. Therefore, there are no relevant documents to your subpoena.

Gielchinsky Declaration, **Exhibit C**.

This is untrue—Plaintiffs' counsel had no communications at all with Ms. Day or anyone else associated with TAG beyond those described in the Memorandum of Law in Support of Motion to Compel TAG Holdings LLC's Compliance with Third-Party Subpoena, ECF No. 1-1, at 4-5. As is evident from that brief, those communications did not include any of the purported discussion described by Ms. Day. As a result, Plaintiffs' counsel responded by e-mail to Ms. Day on June 19, 2023:

> I have never spoken with you or anyone at TAG regarding our subpoena and the records we seek. Nor do we have any record of any written communication from you or anyone at TAG containing any of the statements set forth in your e-mail below. If you have a record of any such written communication, please forward it to me.

Gielchinsky Declaration, **Exhibit D**. Ms. Day did not respond to this e-mail. No one else from TAG has communicated with Plaintiffs' counsel or produced any records.

In sum, TAG has not complied with this Court's orders. Indeed, to the extent Ms. Day's email purports to speak for TAG, it does not deny service of process of the subpoena or subsequent orders. Nor does her communication state that TAG will comply with the subpoena or subsequent orders—it only describes a communication that never happened. Plaintiffs accordingly request entry of a second interim judgment against TAG in the amount of $51,000.00, reflecting the sanctions accrued from May 16, 2023, through and including July 5, 2023, under the Court's Contempt Order.

Dated: July 6, 2023

                Respectfully submitted,

By:   /s/ Dina Gielchinsky
       **OSEN LLC**
       Dina Gielchinsky (DC Bar No. NJ011)
       Gary M. Osen (DC Bar No. NJ009)
       Ari Ungar (DC Bar No. NJ008)
       Michael J. Radine (DC Bar No. NJ015)
       190 Moore Street, Suite 272
       Hackensack, NJ 07601
       Tel. (201) 265-6400