```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA


ROBERT BARTLETT,                      )
                                      )
          Plaintiff,                  )
                                      )    MC No. 22-130
       vs.                            )    Washington, D.C.
                                      )    February 15, 2024
TAG HOLDINGS LLC,                     )    3:05 p.m.
                                      )
          Defendant.                  )
_____)


           TRANSCRIPT OF ORAL RULING VIA ZOOM PROCEEDINGS
             BEFORE THE HONORABLE AMIT P. MEHTA
                 UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiffs:          Michael Radine
                             Gary M. Osen
                             Ari Ungar
                             Dina Gielchinsky
                             OSEN LLC
                             190 Moore Street
                             Suite 272
                             Hackensack, NJ 07601
                             (201) 265-6400


For the Defendant:           Michael J. Sullivan
                             ASHCROFT LAW FIRM
                             200 State Street
                             7th Floor
                             Boston, MA 02109
                             (617) 573-9400
                             Email:
                             msullivan@ashcroftlawfirm.com
```

```
APPEARANCES CONTINUED

Court Reporter:                    William P. Zaremba
                                   Registered Merit Reporter
                                   Certified Realtime Reporter
                                   Official Court Reporter
                                   E. Barrett Prettyman CH
                                   333 Constitution Avenue, NW
                                   Washington, D.C. 20001
                                   (202) 354-3249


Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription
```

P R O C E E D I N G S

1

2          COURTROOM DEPUTY:  Good afternoon, Your Honor.

3          Your Honor, we are on the record in Miscellaneous

4     Case 22-130, Robert Bartlett versus TAG Holdings LLC.

5          For plaintiff, we have counsel Michael Radine,

6     Gary Osen, Ari Ungar, and Dina Gielchinsky.

7          And for defense we have Michael Sullivan.

8          THE COURT:  All right, Counsel.  Good afternoon to

9     all of you; I hope everybody is well.

10          All right.  So I wanted to go ahead and just

11     deliver my ruling on a couple of pending motions.  That's

12     the motion for a Third Interim Judgment, and then also the

13     Rule 60(b) motion that TAG has filed.

14          So let me just say at the outset, I've read all

15     the parties' papers and do not need any further hearing or

16     argument on the matters.  So let me just go ahead and

17     deliver my ruling:

18          So on December 22nd of 2022, the Movant Robert

19     Bartlett filed a Motion to Compel Production of Documents

20     against Respondent TAG Holdings LLC under Federal Rule of

21     Civil Procedure 45.  The Motion to Compel arose out of a

22     subpoena issued to TAG by plaintiff arising out of a lawsuit

23     filed in the U.S. District Court for the Eastern District of

24     New York.

25          For months, TAG did not make an appearance in this

1    matter; nor did it comply with the subpoena.  The Court

2    granted -- therefore granted plaintiff's unopposed Motion to

3    Compel on February 10th of 2023.  Thereafter, TAG continued

4    to evade compliance, so the Court on March 29th, 2023,

5    granted plaintiff's Motion for Contempt under Rule 45(g),

6    ordering TAG to pay plaintiff $1,000 per each day it failed

7    to comply with the subpoena.  Thereafter, the Court granted

8    the plaintiff's motion for First Interim Judgment of Accrued

9    Sanctions on May 22nd of 2023, as well as the Motion for

10   Second Interim Judgment of Accrued Sanctions on August 3rd

11   of 2023.

12          On August 17th, plaintiff filed a Motion for a

13   Third Interim Judgment of Accrued Sanctions.  Then on August

14   25th, TAG at last made an appearance in this matter and had

15   later opposed the Motion for Third Interim Judgment and

16   sought relief under Federal Rule of Civil Procedure 60(b)

17   from the Court's prior four orders.  This ruling addresses

18   both pending motions.

19          Under Rule 60(b)(6), a "court may relieve a party

20   or its legal representative from a final judgment, order, or

21   proceeding for ... any other reason that justifies relief."

22   The bar to obtain relief under this standard is high, as it

23   is only appropriate -- "is appropriate only in

24   'extraordinary circumstances.'"  I'll note that "Court

25   orders holding non-parties ... in civil contempt are

considered final and immediately appealable," therefore, TAG
can seek relief under Rule 60(b)(6).

The Court will first revisit its orders granting
the Motion for Contempt, the Motion for Interim Judgment of
Accrued Sanctions, and the Motion for Second Interim
Judgment of Accrued Sanctions.

Federal Rule of Civil Procedure 45(g) provides
that:  "The Court for the district where compliance is
required ... may hold in contempt a person who, having been
served, fails without adequate excuse to obey the subpoena
or an order related to it."

Focusing on the clause "having been served,"
courts have interpreted Rule 54 -- excuse me, 45(g), to
require that the non-party was actually served before a
court is authorized to impose contempt sanctions.  The only
Circuit Court to address the issue appears to be the
Third Circuit in an unpublished decision, *Shahin versus
Delaware*, that's S-h-a-h-i-n, at 563 F.App'x 196 from 2004.

There, the Court held that the district court
properly had not imposed civil contempt sanctions under Rule
45(g) because three deposition subpoenas directed to the
third party had come back unexecuted.  The Court explained
that "The responsibility for compelling a non-party fact
witness to appear for a deposition rests with the plaintiff,
and not the district court or opposing counsel."

1    After quoting Rule 45(g), the Court held that,

2  because "the third party was never served with a subpoena,

3  ... it would not have been proper to hold her in contempt

4  for disobeying it."  The Third Circuit so held even though

5  the third party had taken "extraordinary actions to avoid

6  the process server."

7    Various district courts have interpreted 45(g) in

8  the same way.  For instance, a court in the Eastern District

9  of Wisconsin last December explained that 'who, having been

10  served' is an important qualifier in Rule 54(g) [sic], which

11  states that a person or entity that is not being properly

12  served cannot be held in contempt for not obeying the

13  subpoena at issue."  This is *Wuluvarana versus Does*, that's

14  W-u-l-u-v-a-r-a-n-a, and it's at 2023 WL 862760.  And also

15  I'll just note another case, there are many:  *GWACS Armory,*

16  *LLC versus KE Farms, LLC*.  And that's 2022 WL 2257043.  And

17  that's from the Northern District of Oklahoma from June of

18  2022.

19    Rule 45(g) therefore compels the Court to ask

20  whether TAG "had been served" when it entered the orders of

21  contempt and civil sanctions.  Based on the record now

22  before the Court, the Court finds that the plaintiff did not

23  properly serve TAG.

24    Rule 45 does not explicitly say what type of

25  service is required for corporations, and the D.C. Circuit

has not provided guidance.  The majority rule, however, is that Rule 45 requires personal service.  See *In Re Newbrook Shipping Corp.*, 31 F.4th 889, 897 Footnote 9 from the Fourth Circuit, stating "The predominant view appears to be that the delivery must be directly" -- excuse me.  That "the delivery must be directly delivered by a process server personally (often referred to as 'personal service'); Wright & Miller."  Also Section 2454 observes that "The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required."

The Court notes that the Seventh Circuit has suggested that service under Rule 45 may be accomplished through Certified Mail by the U.S. Postal Service.  That's *Ott versus City of Milwaukee*, 682 F.3d 552 at 557 from 2012.

And the Wright & Miller treatise has observed that "In recent years, a growing number of cases have departed from the view that personal service is required and alternatively have found service of a subpoena under Rule 45 proper absent personal service."

Regardless of the applicable service rule, plaintiff did not properly serve TAG.  Plaintiff offers evidence that, on January 27th of 2022, its process server, Martha Gates, delivered a subpoena to one "Cao Siten," that's C-a-o S-i-t-e-n, at 2776 S. Arlington Mill Drive in Arlington, Virginia.

1          TAG, however, has submitted an affidavit from its

2    CEO, David Ayres, representing that:  One, it did not

3    maintain a physical office in Northern Virginia as of

4    January 2017; two, 2776 S. Arlington Mill Drive, that

5    address is a P.O. box where it receives hard copy mail; and,

6    three, even though the service return states that Mr. Siten

7    or Ms. Siten was authorized to accept service on behalf of

8    TAG, Cao Siten has never been an employee or agent of TAG or

9    otherwise authorized to accept service on its behalf.

10   Ayres' assertions of fact stand unrebutted.  Based on his

11   representations, which the Court accepts, the attempted

12   service on July 27th of 2022 did not comply with Rule 45.

13          Plaintiff contends that TAG cannot now complain

14   about the contempt sanctions because, by failing to object

15   to the subpoena, as well as not appearing to contest its

16   motion to compel, TAG has waived the right to challenge

17   service.  TAG has not, however, cited any case that permits

18   a court to impose civil contempt sanctions under Rule 45(g)

19   when no service of any kind has occurred upon the third

20   party.  To the contrary, the Seventh Circuit has observed

21   that the provisions of Rule 45 "suggest at a minimum that

22   contempt motions for non-compliance with a discovery

23   subpoena should be entertained with special attention to the

24   procedural and substantive rights of the non-party witness.

25   This is *SEC versus Hyatt* at 621 F.3d 687 at 694 from 2010.

1        And the District Court in *Wuluvarana* declined to

2    impose civil contempt sanctions where it "could not even

3    conclude that the plaintiffs served a valid subpoena,

4    regardless of whether it was properly served on the

5    authorized recipient.  That finding is critical," the Court

6    said, "in any case where a party seeks contempt, but

7    especially where the entity against whom the party seeks

8    contempt is a non-party."  That observation applies with

9    equal force here.  Without proof of actual service, the

10   Court cannot subject TAG, a non-party, to civil contempt

11   sanctions, even on a theory of waiver.

12       Because the Court finds that defendant was not

13   properly served with the subpoena, the Court did not have

14   the authority to find defendant in contempt and issue

15   judgments for accrued sanctions under Rule 45(g).  Thus, the

16   Court vacates its three prior orders, the Order Granting

17   Motion for Contempt at ECF 8, the Order Granting Motion for

18   First Interim Judgment of Accrued Sanctions at ECF 11, and

19   the Order Granting Motion for Second Interim Judgment of

20   Accrued Sanctions at ECF 14.  And for those reasons just

21   discussed, the Court will deny the Motion for Third Interim

22   Judgment of Accrued Sanctions at ECF 15.

23       That leaves the Court's Order granting the Motion

24   to Compel.  The Court reaches a different conclusion as to

25   that order.

1          TAG argues that it was constructively abandoned by

2    its counsel, Lori Sharpe Day, and that this abandonment

3    constitutes "extraordinary circumstances" meriting relief.

4    To support this position, TAG cites to cases that it claims

5    stands for the proposition that "relief has ... been granted

6    by this Court where a faultless party seeks relief from a

7    judgment or order due to counsel's ineffective assistance

8    amounting to neglect of the movant's case."  Most notably,

9    TAG cites the D.C. Circuit's decision in *Jackson versus*

10   *Washington Monthly Co.*  That's 569 F.2d 119 from 1978; and

11   *L.P. Steuart*, that's S-t-e-u-a-a-r-t [sic] *versus Matthews*,

12   329 F.2d 234 from 1964.  Both of those cases are inapposite,

13   however, because those cases involved relief from a default

14   judgment and unsophisticated clients.

15          Neither factor is present here.  This case

16   concerns the enforcement of a subpoena, not resolution of

17   civil liability and imposition of damages.  Accordingly, the

18   D.C. Circuit's rationale in default judgment cases, which is

19   to express a strong preference not to resolve matters based

20   on -- excuse me, a strong preference to resolve matters

21   based on the merits of a case over procedural default, does

22   not apply.

23          Moreover, this case involves a sophisticated third

24   party that both knew of a subpoena and its lawyer's failure

25   to respond to it.  The record before the Court establishes

that, starting in mid-September of 2022, Ayres, who's TAG's
CEO, was copied on every email from plaintiff's counsel
inquiring about a response to the subpoena, the filing of
the Motion to Compel, and the Court's orders in response to
TAG's failure to respond.  Yet, despite claiming confusion,
"shock," and "disbelief" at his receipt of the Court's
various orders, it was not until nearly 12 months later, in
September of 2023, that Ayres contacted a different lawyer
to resolve the matter.  These facts are in no sense
comparable to either *Jackson* or *L.P. Steuart*.

        The relief sought by TAG is also inconsistent with
the general principle that clients are "accountable for the
acts and omissions of their attorneys."  That's *A.W.
Anderson versus Chevron Corp.*, 190 F.R.D.5 at 9 from this
Court in 1999.  For example, in *Link versus Wabash Railroad
Co.*, 370 U.S. 626 from 1962, the Supreme Court held that a
client may be made to suffer the consequences of dismissal
of its lawsuits because of its attorneys' failure to attend
a scheduled Pretrial Conference.  The Supreme Court reasoned
in *Link* that:  "Petitioner voluntarily chose this attorney
as his representative, and he cannot now avoid the
consequences of the acts or omissions of this freely
selected agent.  Any other notion would be wholly
inconsistent with our system of representative litigation,
in which each party is deemed bound by the acts of his

1    lawyer-agent and is considered to have 'notice of all facts,

2    notice of which can be charged upon the attorney.'"  That

3    logic from *Link* squarely applies here.

4         So in conclusion, whatever the reasons may have

5    been for Attorney Day's conduct, they did not rise to the

6    level of extraordinary circumstances that would warrant

7    vacating the Court's Order granting the motion to compel.

8         The Court briefly addresses TAG's remaining

9    contention regarding improper service of the subpoena.  The

10   defendant argues that the Rule 60(b) motion is -- excuse me.

11        The Court briefly addresses TAG's remaining

12   contention, which is that it has a "meritorious defense" and

13   therefore the Rule 60(b) motion ought to be granted.  That

14   may be, but in the context of the Motion to Compel, the

15   Court believes -- sorry, let me strike that and start over.

16   Sorry, Counsel.

17        The Court believes -- briefly addresses TAG's

18   remaining contention regarding improper service of the

19   subpoena.  Defendant argues that the Rule 60(b) relief is

20   further warranted because plaintiff improperly served the

21   defendant, and it thus has a "meritorious defense."

22        That may be, but in the context of the Motion to

23   Compel, the Court thinks TAG has waived the right to assert

24   improper service.  Under Rule 45(D)(2)(b), a non-party must

25   file written objections to the subpoena within 14 days of

1    being served.  "The failure to serve written objections to a

2    subpoena within the time frame specified by Rule

3    45(c)(2)(B), which is now Rule 45(d)(2)(B), typically

4    constitutes a waiver of such objections."  This is *In re*

5    *Denture Cream Products Liability Litigation*, 292 F.R.D. 120,

6    124.

7          District courts have held that "an objection to

8    improper service can be deemed waived if the responding

9    party fails to submit a timely objection."  Here, TAG did

10   not merely fail to object to improper service within 14 days

11   of becoming aware of the subpoena, it waited nearly a year

12   to do so.  In the interim, plaintiff's efforts to obtain

13   records and secure compliance with this Court's orders have

14   been thwarted.  It would be highly inequitable to allow TAG,

15   after sitting on its rights for such a lengthy period of

16   time, to now assert that it need not comply with the

17   subpoena because it was not properly served.

18         This conclusion on its face may seem inconsistent

19   with the Court's holding with respect to the civil contempt

20   orders, but it is not.  As discussed, Rule 45(g) expressly

21   conditions the imposition of civil contempt sanctions upon

22   service of the third party.  Because plaintiff did not

23   properly serve TAG, the Court lacked authority to impose

24   civil contempt sanctions under Rule 45(g) and, for that

25   reason, vacated the contempt orders.  No similar provision

1    of Rule 45 prohibits the Court from deeming waived an

2    objection to service in the context of an effort to vacate

3    an order to compel under Rule 60(b).

4         Finally, TAG contends that the only responsive

5    records in its possession are privileged, otherwise it has

6    nothing else to produce.  Maybe that is true, maybe it is

7    not.  The Court will not pre-judge whether TAG has properly

8    construed the subpoena or conducted an adequate search until

9    the parties have meaningfully met and conferred.

10   Furthermore, if TAG possesses and intends to withhold

11   privileged records, Rule 45(e) requires it to produce a

12   privilege log so TAG can assess the validity of the

13   invocation -- excuse me, plaintiff can assess the validity

14   of the invocation.  TAG's mere say-so that it has only

15   privilege records cannot justify vacating the Court's Order

16   granting the Motion to Compel.

17        So in conclusion, the Court denies in part and

18   grants in part defendant's request for relief under Rule

19   60(b).  The Court vacates its First and Second Interim

20   Judgments of Accrued Sanctions but will not disturb its

21   motion granting the motion to compel.  In addition, the

22   Court denies plaintiff's Motion for Third Interim Judgment

23   of Accrued Sanctions.

24        So that's the Court's ruling on the three pending

25   motions.

1        Let's discuss where we go from here.

2        So why don't we start with plaintiff's counsel and

3   whether you've had conversations with Mr. Sullivan about

4   trying to resolve compliance.

5        MR. OSEN:  Yes.  Good afternoon, Your Honor.  Gary

6   Osen for the plaintiffs.

7        Before I address Your Honor's question, perhaps --

8   I don't know if the court reporter had the same issue we

9   did, but on a few occasions while you were reading, the Zoom

10  link froze a bit.  So to the extent that he could perhaps

11  answer whether he has the full transcript or not.

12       But I just wanted to alert the Court to that.

13  I didn't want to interrupt your --

14       THE COURT:  Yeah, I appreciate it.

15       Bill, did you -- did I fade out for any portions?

16       COURT REPORTER:  Yes, but I always get the written

17  portion.

18       THE COURT:  I'll provide him with the written

19  script here, and so that'll be reflected in the final

20  transcript.

21       MR. OSEN:  Thank you, Your Honor.

22       So to address your question, no, we have not had

23  any further -- or any discussions, frankly, with TAG Holding

24  about the document production.  Obviously they elected to

25  file their Rule 60 motion.  So we're happy to engage with

1    them on that subject, you know, subject to whatever schedule

2    Your Honor wants us to follow.

3            THE COURT:  Mr. Sullivan, what is your view of

4    things and where do we go from here?

5            MR. SULLIVAN:  Thank you, Your Honor.

6            Your Honor, we did try to engage, write a filing,

7    a Rule 60(b) motion, to try to avoid any additional

8    necessity of the Court's involvement.  That was

9    unsuccessful.

10           Your Honor, I would say 30 days, Your Honor, to

11   respond to the subpoena to TAG Holdings.

12           THE COURT:  Mr. Osen, is that acceptable to you?

13           MR. OSEN:  Considering how long this has gone on,

14   30 days is eminently reasonable, Your Honor.

15           THE COURT:  Okay.

16           All right.  So why don't we do the following:

17           I'll just ask the parties to please just submit a

18   Joint Status Report by March the 15th just telling me where

19   things are.  Hopefully, you all have been able to make

20   progress and resolve any outstanding disputes, but, if not,

21   you'll let me know and I'll resolve anything that needs to

22   be resolved, okay?

23           I should have added to the ruling that nothing in

24   the ruling should be taken as an indication of a position on

25   fees and costs if TAG -- excuse me, if the plaintiff pursues

```
1   fees and costs.  I view that as separate from the civil

2   contempt authority and the civil contempt sanctions.  So

3   I should just add that to the record so there's no

4   confusion, okay?

5            All right.  Anything else before we adjourn?

6            MR. SULLIVAN:  No, thank you, Your Honor.

7   Sullivan.

8            MR. OSEN:  Thank you, Your Honor.

9            THE COURT:  Thank you, everybody, be well, and

10  we'll look forward to hearing from you in 30 days.

11           (Proceedings concluded at 3:25 p.m.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

C E R T I F I C A T E

        I, William P. Zaremba, RMR, CRR, certify that
the foregoing is a correct transcript from the record of
proceedings in the above-titled matter.


Date:__February 23, 2024____     _____

                    William P. Zaremba, RMR, CRR

**COURT REPORTER:**
**[1]** 15/16
**COURTROOM**
**DEPUTY: [1]** 3/2
**MR. OSEN: [4]** 15/5
15/21 16/13 17/8
**MR. SULLIVAN: [2]**
16/5 17/6
**THE COURT: [7]** 3/8
15/14 15/18 16/3 16/12
16/15 17/9

**$**

**$1,000 [1]** 4/6

**'**

**'extraordinary [1]** 4/24
**'notice [1]** 12/1
**'personal [1]** 7/7
**'who [1]** 6/9

**0**

**02109 [1]** 1/19
**07601 [1]** 1/15

**1**

**10th [1]** 4/3
**11 [1]** 9/18
**119 [1]** 10/10
**12 [1]** 11/7
**120 [1]** 13/5
**124 [1]** 13/6
**130 [2]** 1/4 3/4
**14 [3]** 9/20 12/25 13/10
**15 [2]** 1/5 9/22
**15th [1]** 11/16
**17th [1]** 4/12
**190 [2]** 1/14 11/14
**196 [1]** 5/18
**1962 [1]** 11/16
**1964 [1]** 10/12
**1978 [1]** 10/10
**1999 [1]** 11/15

**2**

**200 [1]** 1/18
**20001 [1]** 2/5
**2004 [1]** 5/18
**201 [1]** 1/16
**2010 [1]** 8/25
**2012 [1]** 7/14
**2017 [1]** 8/4
**202 [1]** 2/5
**2022 [6]** 3/18 6/16 6/18
7/22 8/12 11/1
**2023 [6]** 4/3 4/4 4/9
4/11 6/14 11/8
**2024 [2]** 1/5 18/7
**22-130 [2]** 1/4 3/4
**2257043 [1]** 6/16
**22nd [2]** 3/18 4/9
**23 [1]** 18/7
**234 [1]** 10/12
**2454 [1]** 7/8
**25th [1]** 4/14
**265-6400 [1]** 1/16
**272 [1]** 1/15

**27th [2]** 7/22 8/12
**292 [1]** 13/5
**29th [1]** 4/4

**3**

**30 days [3]** 16/10
16/14 17/10
**31 [1]** 7/3
**3249 [1]** 2/5
**329 [1]** 10/12
**333 [1]** 2/4
**354-3249 [1]** 2/5
**370 [1]** 11/16
**3:05 [1]** 1/6
**3:25 [1]** 17/11
**3rd [1]** 4/10

**4**

**45 [24]**

**5**

**54 [2]** 5/13 6/10
**552 [1]** 7/14
**557 [1]** 7/14
**563 [1]** 5/18
**569 [1]** 10/10
**573-9400 [1]** 1/20

**6**

**60 [11]** 3/13 4/16 4/19
5/2 12/10 12/13 12/19
14/3 14/19 15/25 16/7
**617 [1]** 1/20
**621 [1]** 8/25
**626 [1]** 11/16
**6400 [1]** 1/16
**682 [1]** 7/14
**687 [1]** 8/25
**694 [1]** 8/25

**7**

**7th [1]** 1/19

**8**

**862760 [1]** 6/14
**889 [1]** 7/3
**897 [1]** 7/3

**9**

**9400 [1]** 1/20

**A**

**A.W [1]** 11/13
**abandoned [1]** 10/1
**abandonment [1]** 10/2
**able [1]** 16/19
**about [4]** 8/14 11/3
15/3 15/24
**above [1]** 18/4
**above-titled [1]** 18/4
**absent [1]** 7/19
**accept [2]** 8/7 8/9
**acceptable [1]** 16/12
**accepts [1]** 8/11
**accomplished [1]** 7/12
**Accordingly [1]** 10/17
**accountable [1]** 11/12
**accrued [11]** 4/8 4/10

**9/20 9/22 14/20 14/23**
**actions [1]** 6/5
**acts [3]** 11/13 11/22
11/25
**actual [1]** 9/9
**actually [1]** 5/14
**add [1]** 17/3
**added [1]** 16/23
**addition [1]** 14/21
**additional [1]** 5/19
**address [4]** 5/16 8/5
15/7 15/22
**addresses [4]** 4/17
12/8 12/11 12/17
**adequate [2]** 5/10 14/8
**adjourn [1]** 17/5
**affidavit [1]** 8/1
**after [2]** 6/1 13/15
**afternoon [3]** 3/2 3/8
15/5
**against [2]** 3/20 9/7
**agent [3]** 8/8 11/23
12/1
**ahead [2]** 3/10 3/16
**aided [1]** 2/7
**alert [1]** 15/12
**all [8]** 3/8 3/9 3/10 3/14
12/1 16/16 16/19 17/5
**All right [1]** 3/8
**allow [1]** 13/14
**also [4]** 3/12 6/14 7/8
7/11
**alternatively [1]** 7/18
**always [1]** 15/16
**AMIT [1]** 1/9
**amounting [1]** 10/8
**Anderson [1]** 11/14
**another [1]** 6/15
**answer [1]** 15/11
**any [11]** 3/15 4/21 8/17
8/19 9/6 11/23 15/15
15/23 15/23 16/7 16/20
17/5
**anything [2]** 16/21
17/5
**appealable [1]** 5/1
**appear [1]** 5/24
**appearance [2]** 3/25
4/14
**APPEARANCES [2]**
1/11 1/22
**appearing [1]** 8/15
**appears [2]** 5/16 7/4
**applicable [1]** 7/20
**applies [2]** 9/8 12/3
**apply [1]** 10/22
**appreciate [1]** 15/14
**appropriate [2]** 4/23
4/23
**are [8]** 3/3 4/25 6/15
10/12 11/9 11/12 14/5
16/19
**argues [3]** 10/1 12/10
12/19
**argument [1]** 3/16
**Ari [2]** 1/13 3/6
**arising [1]** 3/22
**Arlington [3]** 7/24 7/25

**Armory [1]** 6/15
**arose [1]** 3/21
**as [12]** 4/9 4/9 4/22 7/7
8/3 8/15 8/15 9/24
11/21 13/20 16/24 17/1
**ASHCROFT [1]** 1/18
**ashcroftlawfirm.com**
**[1]** 1/21
**ask [2]** 6/19 16/17
**assert [2]** 12/23 13/16
**assertions [1]** 8/10
**assess [2]** 14/12 14/13
**assistance [1]** 10/7
**attempted [1]** 8/11
**attend [1]** 11/18
**attention [1]** 8/23
**attorney [2]** 11/20 12/5
**attorney.' [1]** 12/2
**attorneys [1]** 11/13
**attorneys' [1]** 11/18
**August [3]** 4/10 4/12
4/13
**authority [3]** 9/14
13/23 17/2
**authorized [4]** 5/15 8/7
8/9 9/5
**Avenue [1]** 2/4
**avoid [3]** 6/5 11/21
16/7
**aware [1]** 13/11
**Ayres [3]** 8/2 11/1 11/8
**Ayres' [1]** 8/10

**B**

**back [1]** 5/22
**bar [1]** 4/22
**Barrett [1]** 2/4
**BARTLETT [3]** 1/3 3/4
3/19
**based [2]** 6/21 8/10
10/19 10/21
**be [19]**
**because [9]** 5/21 6/2
8/14 9/12 10/13 11/18
12/20 13/17 13/22
**becoming [1]** 13/11
**been [11]** 5/9 5/12 6/3
6/9 6/20 7/9 8/8 10/5
12/5 13/14 16/19
**before [6]** 1/9 5/14
6/22 10/25 15/7 17/5
**behalf [2]** 8/7 8/9
**being [2]** 6/11 13/1
**believes [2]** 12/15
12/17
**Bill [1]** 15/15
**bit [1]** 15/10
**Boston [1]** 1/19
**both [3]** 4/18 10/12
10/24
**bound [1]** 11/25
**box [1]** 8/5
**briefly [3]** 12/8 12/11
12/17

**C**

**can [5]** 5/2 12/2 13/8

**12/2 14/13**
**cannot [5]** 6/12 8/13
9/10 11/21 14/15
**Cao [2]** 7/23 8/8
**case [8]** 3/4 6/15 8/17
9/6 10/8 10/15 10/21
10/23
**cases [5]** 7/16 10/4
10/12 10/13 10/18
**CEO [2]** 8/2 11/2
**Certified [2]** 2/3 7/13
**certify [1]** 18/2
**CH [1]** 2/4
**challenge [1]** 8/16
**charged [1]** 12/2
**Chevron [1]** 11/14
**chose [1]** 11/20
**Circuit [7]** 5/16 5/17
6/4 6/25 7/4 7/11 8/20
**Circuit's [2]** 10/9 10/18
**circumstances [2]**
10/3 12/6
**circumstances.' [1]**
4/24
**cited [1]** 8/17
**cites [2]** 10/4 10/9
**City [1]** 7/14
**civil [15]** 3/21 4/16
4/25 5/7 5/20 6/21 8/18
9/2 9/10 10/17 13/19
13/21 13/24 17/1 17/2
**claiming [1]** 11/5
**claims [1]** 10/4
**clause [1]** 5/13
**client [1]** 11/17
**clients [2]** 10/14 11/12
**Co [2]** 10/10 11/16
**COLUMBIA [1]** 1/1
**come [1]** 5/22
**comparable [1]** 11/10
**compel [12]** 3/19 13/21
4/3 8/16 9/24 11/4 12/7
12/14 12/23 14/3 14/16
14/21
**compelling [1]** 5/23
**compels [1]** 6/19
**complain [1]** 8/13
**compliance [5]** 4/4 5/8
8/22 13/13 15/4
**comply [4]** 4/1 4/7 8/12
13/16
**computer [1]** 2/7
**computer-aided [1]**
2/7
**concerns [1]** 10/16
**conclude [1]** 9/3
**concluded [1]** 17/11
**conclusion [4]** 9/24
12/4 13/18 14/17
**conditions [1]** 13/21
**conduct [1]** 12/5
**conducted [1]** 12/5
**Conference [1]** 11/19
**conferred [1]** 14/9
**confusion [1]** 11/5
17/4
**consequences [2]**
11/17 11/22

**C**

considered [2]  5/1 12/1
Considering [1]  16/13
constitutes [2]  10/3 13/4
Constitution [1]  2/4
constructively [1]  10/1
construed [1]  14/8
contacted [1]  11/8
contempt [24]
contends [2]  8/13 14/4
contention [3]  12/9 12/12 12/18
contest [1]  8/15
context [3]  12/14 12/22 14/2
continued [2]  2/1 4/3
contrary [1]  8/20
conversations [1]  15/3
copied [1]  11/2
copy [1]  8/5
Corp [2]  7/3 11/14
corporations [1]  6/25
correct [1]  18/3
costs [2]  16/25 17/1
could [2]  9/12 15/10
counsel [7]  3/5 3/8 5/25 10/2 11/2 12/16 15/2
counsel's [1]  10/7
couple [1]  3/11
court [51]
Court's [10]  4/17 9/23 11/4 11/6 12/7 13/13 13/19 14/15 14/24 16/8
courts [5]  5/13 6/7 13/7
Cream [1]  13/5
critical [1]  9/5
CRR [2]  18/2 18/8

**D**

D.C [3]  1/5 2/5 6/25
D.C. [2]  10/9 10/18
D.C. Circuit's [1]  10/9 10/18
damages [1]  10/17
Date [1]  18/7
David [1]  8/2
day [2]  4/6 10/2
Day's [1]  12/5
days [5]  12/25 13/10 16/10 16/14 17/10
December [2]  3/18 6/9
decision [2]  5/17 10/9
declined [1]  9/1
deemed [2]  11/25 13/8
deeming [1]  14/1
default [3]  10/13 10/18 10/21
defendant [7]  1/7 1/17 9/12 9/14 12/10 12/19 12/21
defendant's [1]  14/18
defense [3]  3/7 12/12 12/21
Delaware [1]  5/18

delivered [2]  7/6 7/23
delivery [2]  7/5 7/6
denies [2]  14/17 14/22
Denture [1]  13/5
deny [1]  9/21
departed [1]  7/16
deposition [2]  5/21 5/24
despite [1]  11/5
did [14]  3/25 4/1 6/22 7/21 8/2 8/12 9/13 12/5 13/9 13/22 15/9 15/15 15/15 16/6
didn't [1]  15/13
different [3]  9/24 11/8
Dina [2]  1/13 3/6
directed [1]  5/21
directly [2]  7/5 7/6
disbelief [1]  11/6
discovery [1]  8/22
discuss [1]  15/1
discussed [2]  9/21 13/20
discussions [1]  15/23
dismissal [1]  11/17
disobeying [1]  6/4
disputes [1]  16/20
district [13]  1/1 1/1 1/10 3/23 3/23 5/8 5/19 5/25 6/7 6/8 6/17 9/1 13/7
disturb [1]  14/20
do [4]  3/15 13/12 16/4 16/16
document [1]  15/24
Documents [1]  3/19
does [3]  6/13 6/24 10/21
don't [3]  15/2 15/8 16/16
Drive [2]  7/24 8/4
due [1]  10/7

**E**

each [2]  4/6 11/25
Eastern [2]  3/23 6/8
ECF [4]  9/17 9/18 9/20 9/22
effort [1]  14/2
efforts [1]  13/12
either [1]  11/10
elected [1]  15/24
else [2]  14/6 17/5
email [2]  1/20 11/2
eminently [1]  16/14
employee [1]  8/8
enforcement [1]  10/16
engage [2]  15/25 16/6
entered [1]  6/20
entertained [1]  8/23
entity [2]  6/11 9/7
equal [1]  9/9
especially [1]  9/7
establishes [1]  10/25
evade [1]  4/4
even [4]  6/4 8/6 9/2 9/11

everybody [2]  3/9 17/9
evidence [1]  9/4
example [1]  11/15
excuse [7]  5/10 5/13 7/5 10/20 12/10 14/13 16/25
explained [2]  5/22 6/9
explicitly [1]  6/24
express [1]  10/19
expressly [1]  13/20
extent [1]  15/10
extraordinary [3]  6/5 10/3 12/6

**F**

F.2d [2]  10/10 10/12
F.3d [2]  7/14 8/25
F.4th [1]  7/3
F.App'x [1]  5/18
F.R.D [1]  13/5
F.R.D.5 [1]  11/14
face [1]  13/8
fact [2]  5/23 8/10
factor [1]  10/15
facts [2]  11/9 12/1
fade [1]  15/15
fail [1]  13/10
failed [1]  4/6
failing [1]  8/14
fails [2]  5/10 13/9
failure [4]  10/24 11/5 11/18 13/1
Farms [1]  6/16
faultless [1]  10/6
February [3]  1/5 4/3 18/7
Federal [3]  3/20 4/16 5/7
fees [2]  16/25 17/1
few [1]  15/9
file [2]  12/25 15/25
filed [4]  3/13 3/19 3/23 4/12
filing [1]  11/3 16/6
final [3]  4/20 5/1 15/19
Finally [1]  14/4
find [1]  9/14
finding [1]  9/5
finds [2]  6/22 9/12
FIRM [1]  1/9
first [4]  4/8 5/3 9/18 14/19
Floor [1]  1/19
Focusing [1]  5/12
follow [1]  16/2
following [1]  16/16
Footnote [1]  7/3
Footnote 9 [1]  7/3
force [1]  9/9
foregoing [1]  18/7
forward [1]  17/10
found [1]  7/18
four [1]  4/17
Fourth [1]  7/3
frame [1]  13/2
frankly [1]  15/23
freely [1]  11/22

however [4]  7/1 8/1 8/17 10/13
Hyatt [1]  8/25

**I**

I didn't [1]  15/13
I don't [1]  15/8
I hope [1]  3/9
I should [2]  16/23 17/3
I wanted [1]  3/10
I'll [5]  4/24 6/15 15/18 16/17 16/21
I've [1]  3/14
immediately [1]  5/1
important [1]  6/10
impose [4]  5/15 8/18 9/2 13/23
imposed [1]  5/20
imposition [2]  10/17 13/21
improper [5]  12/9 12/18 12/24 14/3 13/10
improperly [1]  12/20
inapposite [1]  10/12
inconsistent [3]  11/11 11/24 13/18
indication [1]  16/24
ineffective [1]  10/7
inequitable [1]  13/14
inquiring [1]  11/3
instance [1]  4/2
intends [1]  14/10
interim [13]  3/12 4/8 4/10 4/13 4/15 5/4 5/5 9/18 9/19 9/21 13/12 14/19 14/22
interpretation [1]  7/9
interpreted [2]  5/13 6/7
interrupt [1]  15/13
invocation [2]  14/13 14/14
involved [1]  10/13
involvement [1]  16/8
involves [1]  10/23
is [34]
issue [4]  5/16 6/13 9/14 15/8
issued [1]  3/22
it [27]
It would be [1]  13/14
it's [1]  6/14
its [16]  4/20 5/3 7/22 8/1 8/9 8/15 9/16 10/2 10/24 11/18 11/18 13/15 13/18 14/5 14/19 14/20

**J**

Jackson [2]  10/9 11/10
January [2]  7/22 8/4
January 27th [1]  7/22
Joint [1]  16/18
judge [2]  1/10 14/7
judgment [15]  13/12 14/8 4/10 4/13 4/15 4/20 5/4 5/6 9/18 9/19 9/22 10/7 10/14 10/18 14/22
judgments [1]  9/15

**G**

Gary [3]  1/12 3/6 15/5
Gates [1]  7/23
general [1]  11/12
get [1]  15/16
Gielchinsky [2]  1/13 3/6
go [4]  3/10 3/16 15/1 16/4
go ahead [2]  3/10 3/16
gone [1]  16/13
Good [3]  3/2 3/8 15/5
granted [6]  4/2 4/2 4/5 4/7 10/5 12/13
granting [8]  5/3 9/16 9/17 9/19 9/23 12/7 14/16 14/21
grants [1]  14/18
growing [1]  7/16
guidance [1]  7/1
GWACS [1]  6/15

**H**

Hackensack [1]  1/15
had [8]  4/14 5/20 5/22 6/5 6/20 15/3 15/8 15/22
happy [1]  15/25
hard [1]  8/5
has [20]
have [16]  3/5 3/7 5/13 6/3 6/7 7/16 7/18 9/13 12/1 12/4 13/7 13/13 14/9 15/22 16/19 16/23
having [5]  5/9 5/12 6/9
he [3]  11/21 15/10 15/11
hearing [2]  3/15 17/10
held [6]  5/19 6/1 6/4 6/12 11/16 13/7
her [1]  6/3
here [7]  9/9 10/15 12/3 13/9 15/1 15/19 16/4
high [1]  4/22
highly [1]  13/14
him [1]  15/18
his [4]  8/10 11/6 11/21 11/25
hold [1]  5/9 6/3
holding [3]  4/25 13/19 15/23
HOLDINGS [4]  1/6 3/4 3/20 16/11
Honor [12]  3/2 3/3 15/5 15/21 16/2 16/5 16/6 16/10 16/10 16/14 17/6 17/8
Honor's [1]  15/7
HONORABLE [1]  1/9
hope [1]  3/9
Hopefully [1]  16/19
how [1]  16/13

**J**
judgments... [1] 14/20
July [1] 8/12
June [1] 6/17
just [10] 3/10 3/14 3/16
6/15 9/20 15/12 16/17
16/17 16/18 17/3
justifies [1] 4/21
justify [1] 14/15

**K**
KE [1] 6/16
kind [1] 8/19
knew [1] 10/24
know [3] 15/8 16/1
16/21

**L**
L.P [2] 10/11 11/10
lacked [1] 13/23
last [2] 4/14 6/9
later [2] 4/15 11/7
LAW [1] 1/18
lawsuit [1] 3/22
lawsuits [1] 11/18
lawyer [2] 11/3 10/24
lawyer's [1] 10/24
lawyer-agent [1] 12/1
leaves [1] 9/23
legal [1] 4/20
lengthy [1] 13/15
let [3] 3/14 3/16 12/15
16/21
Let's [1] 15/1
level [1] 12/6
liability [2] 10/17 13/5
link [4] 11/15 11/20
12/3 15/10
litigation [2] 11/24
13/5
LLC [6] 1/6 1/14 3/4
3/20 6/16 6/16
log [1] 14/12
logic [1] 12/3
long [1] 16/13
longstanding [1] 7/9
look [1] 17/10
Lori [1] 10/2

**M**
MA [1] 1/19
made [2] 4/14 11/7
mail [2] 7/13 8/5
maintain [1] 8/3
majority [1] 7/1
make [2] 3/25 16/19
many [1] 6/15
March [2] 4/4 16/18
Martha [1] 7/23
matter [4] 4/1 4/14
11/9 18/4
matters [3] 3/16 10/19
10/20
Matthews [1] 10/11
may [9] 4/9 4/19 5/9
7/12 11/17 12/4 12/14
12/22 13/18
maybe [2] 14/6 14/6

me [11] 3/14 3/16 5/13
7/5 10/20 12/10 12/15
14/13 16/18 16/21
16/25
meaningfully [1] 14/9
mechanical [1] 2/6
MEHTA [1] 1/9
mere [1] 14/14
merely [1] 13/10
Merit [1] 2/2
meriting [1] 10/3
meritorious [2] 12/12
12/21
merits [1] 10/21
met [1] 14/9
Michael [4] 1/12 1/17
3/5 3/7
Michael Radine [1] 3/5
mid [1] 11/1
mid-September [1]
11/1
Mill [1] 7/24 8/4
Miller [2] 7/8 7/15
Milwaukee [1] 7/14
minimum [1] 8/21
Miscellaneous [1] 3/3
Monthly [1] 10/10
months [2] 3/25 11/7
Moore [1] 1/14
Moreover [1] 10/23
Most [1] 10/8
motion [31]
motions [4] 3/11 4/18
8/22 14/25
Movant [1] 3/18
movant's [1] 10/8
Mr [1] 8/6
Mr. [3] 15/3 16/3 16/12
Mr. Osen [1] 16/12
Mr. Sullivan [2] 15/3
16/3
Ms. [1] 8/7
Ms. Siten [1] 8/7
msullivan [1] 1/21
must [3] 7/5 7/6 12/24
my [2] 3/11 3/17

**N**
nearly [2] 11/7 13/11
necessity [1] 16/8
need [2] 3/15 13/16
needs [1] 16/21
neglect [1] 4/9
Neither [1] 10/15
never [2] 6/2 8/8
New [1] 3/24
New York [1] 3/24
Newbrook [1] 7/2
NJ [1] 1/15
no [7] 1/4 8/19 11/9
13/25 15/22 17/3 17/6
non [8] 4/25 5/14 5/23
8/22 8/24 9/8 9/10
12/24
non-compliance [1]
8/22
non-parties [1] 4/25

non-party [6] 5/14 5/23
8/24 9/8 9/10 12/24
Northern [2] 6/17 8/3
not [34]
notably [1] 10/8
note [2] 4/24 6/15
notes [1] 7/11
nothing [2] 14/6 16/23
notice [1] 12/2
notion [1] 11/23
now [5] 6/21 8/13
11/21 13/3 13/16
number [1] 7/16
NW [1] 2/4

**O**
obey [1] 5/10
obeying [1] 6/12
object [2] 8/14 13/10
objection [3] 13/7 13/9
14/2
objections [3] 12/25
13/1 13/4
observation [1] 9/8
observed [2] 7/15 8/20
observes [1] 7/8
obtain [2] 4/22 13/12
Obviously [1] 15/24
occasions [1] 15/9
occurred [1] 8/19
offers [1] 7/21
office [1] 8/3
Official [1] 2/3
often [1] 7/7
okay [3] 16/15 16/22
17/4
Oklahoma [1] 6/17
omissions [2] 11/13
11/22
one [2] 7/23 8/2
only [5] 4/23 4/23 5/15
14/4 14/14
opposed [1] 4/15
opposing [1] 5/25
ORAL [1] 1/9
order [11] 4/20 5/11
9/16 9/17 9/19 9/23
9/25 10/7 12/7 14/3
14/15
ordering [1] 4/6
orders [10] 4/17 4/25
5/3 6/20 9/16 11/4 11/7
13/13 13/20 13/25
Osen [5] 1/12 1/14 3/6
15/6 16/12
other [2] 4/21 11/23
otherwise [2] 8/9 14/5
Ott [1] 7/14
ought [1] 12/13
our [1] 11/24
out [3] 3/21 3/22 15/15
outset [1] 3/14
outstanding [1] 16/20
over [2] 10/21 12/15

**P**
p.m [2] 1/6 17/11
P.O. [1] 8/5

papers [1] 3/15
part [2] 14/17 14/18
parties [3] 4/25 14/9
16/17
parties' [1] 3/15
party [18] 4/19 5/14
5/22 5/23 6/2 6/5 8/20
8/24 9/6 9/7 9/8 9/10
10/6 10/24 11/25 12/24
13/9 13/22
pay [1] 4/6
pending [2] 3/11 4/18
14/24
per [1] 4/6
perhaps [2] 15/7 15/10
period [1] 13/15
permits [1] 8/17
person [2] 5/9 6/11
personal [4] 7/2 7/10
7/17 7/19
personally [1] 7/7
Petitioner [1] 11/20
physical [1] 8/3
plaintiff [14] 1/4 3/5
3/22 4/6 4/12 5/24 6/22
7/21 7/21 8/13 12/20
13/22 14/13 16/23
plaintiff's [7] 4/2 4/5
4/8 11/2 13/12 14/22
15/2
plaintiffs [3] 1/12 9/3
15/6
please [1] 16/17
portion [1] 15/17
portions [1] 15/15
position [2] 10/4 16/24
possesses [1] 14/10
possession [1] 14/5
Postal [1] 7/13
pre [1] 14/7
pre-judge [1] 14/7
predominant [1] 7/4
preference [2] 10/19
10/20
present [1] 10/15
Pretrial [1] 11/19
Prettyman [1] 2/4
principle [1] 11/12
prior [2] 4/17 9/16
privilege [2] 14/12
14/15
privileged [2] 14/5
14/11
procedural [2] 8/24
10/21
Procedure [3] 3/21
4/16 5/7
proceeding [1] 4/21
proceedings [4] 1/9
2/6 17/11 18/4
process [3] 6/6 7/6
7/22
produce [2] 14/6 14/11
produced [1] 2/7
production [2] 3/19
15/24
Products [1] 13/5

progress [1] 16/20
prohibits [1] 14/1
proof [1] 9/9
proper [2] 6/3 7/19
properly [9] 5/20 6/11
6/23 7/21 9/4 9/13
13/17 13/23 14/7
proposition [1] 10/5
provide [1] 15/18
provided [1] 7/1
provides [1] 5/7
provision [1] 13/25
provisions [1] 8/21
pursues [1] 16/25

**Q**
qualifier [1] 6/10
question [2] 15/7
15/22
quoting [1] 6/1

**R**
Radine [2] 1/12 3/5
Railroad [1] 11/15
rationale [1] 10/18
re [2] 7/2 13/4
reaches [1] 9/24
read [1] 3/14
reading [1] 15/9
Realtime [1] 2/3
reason [2] 4/21 13/25
reasonable [1] 16/14
reasoned [1] 11/19
reasons [2] 9/20 12/4
receipt [1] 11/6
receives [1] 8/5
recent [1] 7/16
recipient [1] 9/5
record [5] 3/3 6/21
10/25 17/3 18/3
recorded [1] 2/6
records [4] 13/13 14/5
14/11 14/15
referred [1] 7/7
reflected [1] 15/19
regarding [2] 12/9
12/18
regardless [2] 7/20 9/4
Registered [1] 2/2
related [1] 5/11
relief [11] 4/16 4/21
4/22 5/2 10/3 10/5 10/6
10/13 11/11 12/19
14/18
relieve [1] 4/19
remaining [3] 12/8
12/11 12/18
Report [1] 16/18
reporter [5] 2/2 2/2 2/3
2/3 15/8
representations [1]
8/11
representative [3] 4/20
11/21 11/24
representing [1] 8/2
request [1] 14/18
require [1] 5/14
required [4] 5/9 6/25

**R**

required... [2] 7/10 7/17
requires [2] 7/2 14/11
resolution [1] 10/16
resolve [6] 10/19 10/20 11/9 15/4 16/20 16/21
resolved [1] 16/22
respect [1] 13/19
respond [3] 10/25 11/5 16/11
Respondent [1] 3/20
responding [1] 13/8
response [2] 11/3 11/4
responsibility [1] 5/23
responsive [1] 14/4
rests [1] 5/24
return [1] 8/6
revisit [1] 5/3
right [6] 3/8 3/10 8/16 12/23 16/16 17/5
rights [2] 8/24 13/15
rise [1] 12/5
RMR [2] 18/2 18/8
ROBERT [3] 1/3 3/4 3/18
rule [37]
Rule 60 [4] 4/19 5/2 15/25 16/7
ruling [7] 1/9 3/11 3/17 4/17 14/24 16/23 16/24

**S**

S-h-a-h-i-n [1] 5/18
S-i-t-e-n [1] 7/24
S-t-e-u-a-a-r-t [1] 10/11
said [1] 9/6
same [2] 6/8 15/8
sanctions [21]
say [4] 3/14 6/24 14/14 16/10
say-so [1] 14/14
schedule [1] 16/1
scheduled [1] 11/19
script [1] 15/19
search [1] 14/8
SEC [1] 8/25
Second [4] 4/10 5/5 9/19 14/19
Section [1] 7/8
secure [1] 13/13
See [1] 7/2
seek [1] 5/2
seeks [3] 9/6 9/7 10/6
seem [1] 13/18
selected [1] 11/23
sense [1] 11/9
separate [1] 17/1
September [2] 11/1 11/8
serve [4] 6/23 7/21 13/1 13/23
served [12] 5/10 5/12 5/14 6/2 6/12 6/20 9/3 9/4 9/13 12/20 13/1 13/17
served' [1] 6/10
server [3] 6/6 7/6 7/22

service' [1] 7/7
Seventh [2] 7/11 8/20
Seventh Circuit [1] 7/11
Shahin [1] 5/17
Sharpe [1] 10/2
Shipping [1] 7/3
shock [1] 11/6
should [4] 8/23 16/23 16/24 17/3
sic [2] 6/10 10/11
similar [1] 13/25
Siten [4] 7/23 8/6 8/7 8/8
sitting [1] 13/15
so [20]
sophisticated [1] 10/23
sorry [2] 12/15 12/16
sought [2] 4/16 11/11
special [1] 8/23
specified [1] 13/2
squarely [1] 12/3
stand [1] 8/10
standard [1] 4/22
stands [1] 10/5
start [2] 12/15 15/2
starting [1] 11/1
State [1] 1/18
states [4] 1/1 1/10 6/11 8/6
stating [1] 7/4
Status [1] 16/18
stenography [1] 2/6
Steuart [2] 10/11 11/10
Street [1] 1/14 1/18
strike [1] 12/15
strong [2] 10/19 10/20
subject [3] 9/10 16/1 16/1
submit [2] 13/9 16/17
submitted [1] 8/1
subpoena [23]
subpoenas [5] 5/21 7/10
substantive [1] 8/24
such [2] 13/4 13/15
suffer [1] 11/17
suggest [1] 8/21
suggested [1] 7/12
Suite [1] 1/15
Sullivan [5] 1/17 3/7 15/3 16/3 17/7
support [1] 10/4
Supreme [2] 11/16 11/19
Supreme Court [1] 11/16
system [1] 11/24

**T**

TAG [35]
TAG Holdings [3] 3/4 3/20 16/11
TAG's [6] 11/1 11/5 12/8 12/11 12/17 14/14
taken [2] 6/5 16/24

thank [5] 15/21 16/5 17/6 17/8 17/9
Thank you [2] 16/5 17/9
that [69]
that'll [1] 15/19
that's [11] 3/11 5/18 6/13 6/16 6/17 7/13 7/24 10/10 10/11 11/13 14/24
their [2] 11/13 15/25
them [1] 16/1
then [2] 3/12 4/13
theory [1] 9/11
there [2] 5/19 6/15
there's [1] 17/3
Thereafter [2] 4/3 4/7
therefore [4] 4/2 5/1 6/19 12/13
These [1] 11/9
they [2] 12/5 15/24
things [2] 16/4 16/19
thinks [1] 12/23
third [13] 3/12 4/13 4/15 5/17 5/22 6/2 6/4 6/5 8/19 9/21 10/23 13/22 14/22
Third Circuit [2] 5/17 6/4
this [18] 3/25 4/14 4/17 4/22 6/13 8/25 10/2 10/4 10/6 10/15 10/23 11/14 11/20 11/22 13/4 13/13 13/18 16/13
those [3] 9/20 10/12 10/13
though [2] 6/4 8/6
three [4] 5/21 8/6 9/16 14/24
through [1] 7/13
thus [2] 9/15 12/21
thwarted [1] 13/14
time [2] 13/2 13/16
timely [1] 13/9
titled [1] 18/4
transcript [5] 1/9 2/6 15/11 15/20 18/3
transcription [1] 2/7
treatise [1] 7/15
true [1] 14/6
try [2] 16/6 16/7
trying [1] 15/4
two [1] 8/4
type [1] 6/24
typically [1] 13/3

**U**

U.S [3] 3/23 7/13 11/16
under [15] 3/20 4/5 4/16 4/19 4/22 5/2 5/20 7/12 7/18 8/18 9/15 12/24 13/24 14/3 14/18
unexecuted [1] 5/22
Ungar [2] 1/13 3/6
UNITED [1] 1/1 1/10
unopposed [1] 4/2
unpublished [1] 5/17

unredacted [1] 15/20
unsophisticated [1] 10/14
unsuccessful [1] 16/9
until [2] 11/7 14/8
upon [2] 8/19 12/2 13/21
us [1] 16/2

**V**

vacate [1] 14/2
vacated [1] 13/25
vacates [2] 9/16 14/19
vacating [2] 12/7 14/15
valid [1] 9/3
validity [2] 14/12 14/13
various [2] 6/7 11/7
versus [5] 3/4 5/17 6/13 6/16 7/14 8/25 10/9 10/11 11/14 11/15
VIA [1] 1/9
view [4] 7/4 7/17 16/3 17/1
Virginia [2] 7/25 8/3
voluntarily [1] 11/20
vs [1] 1/5

**W**

W-u-l-u-v-a-r-a-n-a [1] 6/14
Wabash [1] 11/15
waited [1] 13/11
waived [2] 8/16 12/23 13/8 14/1
waiver [2] 9/11 13/4
want [1] 15/13
wanted [2] 3/10 15/12
wants [1] 16/2
warrant [1] 12/6
warranted [1] 12/20
was [10] 5/14 6/2 8/7 9/4 9/12 10/1 11/2 11/7 13/17 16/8
Washington [3] 1/5 2/5 10/10
way [1] 16/8
we [11] 3/3 3/5 3/7 15/1 15/2 15/8 15/22 16/2 16/6 16/16 17/5
we'll [1] 17/10
we're [1] 15/25
well [4] 3/9 4/9 8/15 17/9
were [3] 15/9
what [2] 6/24 16/3
whatever [2] 12/4 16/1
when [2] 6/20 8/19
where [9] 5/8 8/5 9/2 9/6 9/7 10/6 15/1 16/4 16/18
whether [6] 6/20 9/4 14/7 15/3 15/11
which [7] 6/10 8/11 10/18 11/25 12/2 12/12 13/3
while [1] 15/9
who [1] 5/9
who's [1] 11/1

wholly [1] 11/23
whom [1] 9/7
why [2] 15/2 16/16
will [4] 5/3 9/21 14/7 14/20
William [3] 2/2 18/2 18/8
Wisconsin [1] 10/10
withhold [1] 14/10
within [3] 12/25 13/2 13/10
without [2] 5/10 9/9
witness [2] 5/24 8/24
WL [2] 6/14 6/16
would [5] 6/3 11/23 12/6 13/14 16/10
Wright [2] 7/7 7/15
write [1] 16/6
written [4] 12/25 13/1 15/16 15/18
Wuluvarana [2] 6/13 9/1

**Y**

Yeah [1] 15/14
year [1] 13/11
years [1] 7/16
Yes [2] 15/5 15/16
Yet [1] 11/5
York [1] 3/24
you [12] 3/9 15/9 15/15 15/21 16/1 16/5 16/12 16/19 17/6 17/8 17/9 17/10
you'll [1] 16/21
you've [1] 15/5
your [16] 3/2 3/3 15/5 15/7 15/13 15/21 15/22 16/2 16/3 16/5 16/6 16/10 16/10 16/14 17/6 17/8
Your Honor [12] 3/2 3/3 15/5 15/21 16/2 16/5 16/6 16/10 16/10 16/14 17/6 17/8
Your Honor's [1] 15/7

**Z**

Zaremba [3] 2/2 18/2 18/8
ZOOM [2] 1/9 15/9